■ HERBERT FEINBERG, Respondent-Appellant, v J. STANLEY SHAW et al., Appellants-Respondents. [832 NYS2d 800]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered January 19, 2006, which, inter alia, granted defendants' cross motion for summary judgment insofar as it sought dismissal of plaintiff's claims relating to the "Levitt promissory notes" for lack of merit, and denied the cross motion insofar as it sought dismissal of the entire complaint as time-barred, unanimously affirmed, without costs.

Issues of fact exist whether plaintiff received the amended complaint in the "Levitt" action and, if so, whether he was thereby put on notice of the alleged deficiencies in his return on certain investments. Plaintiff's deposition testimony is not dispositive of this issue. The motion court correctly found that the 1987 security agreement, on which defendants predicate their priority interest in the proceeds of the sale of the LaColline residence, and the perfection of their security interest by their filing of UCC-1 financing statements in 1987, did not give plaintiff notice of any of his claims relating to the 1986 loan transaction. The court otherwise correctly found that unresolved issues of

fact as to the accrual of plaintiff's claims preclude the grant of summary judgment to defendants. The record contains no documents or other evidence tending to show that defendants were obligated to pay the "Levitt promissory notes," which were signed only by Levitt and by their terms payable only by him, and the motion court properly dismissed that claim on the merits. Concur—Mazzarelli, J.P., Marlow, Buckley, Sweeny and Kavanagh, JJ.